**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4256**

———————

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

      v.

JOAQUIN DELANGEL-VELASCO, a/k/a Roberto G. Flores, a/k/a
Quaquoin Delangel-Velasco,

               Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro. Thomas D. Schroeder,
District Judge. (1:10-cr-00222-TDS-1)

———————

Submitted: January 18, 2012      Decided: March 14, 2012

———————

Before TRAXLER, Chief Judge, FLOYD, Circuit Judge, and J.
Michelle CHILDS, United States District Judge for the District
of South Carolina, sitting by designation.

———————

Affirmed by unpublished opinion. Judge Childs wrote the
opinion, in which Chief Judge Traxler and Judge Floyd joined.

———————

Louis C. Allen III, Federal Public Defender, Greensboro, North
Carolina, Mireille P. Clough, Assistant Federal Public Defender,
OFFICE OF THE FEDERAL PUBLIC DEFENDER, Winston-Salem, North
Carolina, for Appellant. Ripley Rand, United States Attorney,
Michael F. Joseph, Assistant United States Attorney, OFFICE OF
THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

CHILDS, District Judge:

Joaquin DeLangel-Velasco challenges the twenty-four month sentence imposed by the district court following his guilty plea to the charge of illegally reentering the United States in violation of 8 U.S.C. §§ 1326(a) and (b)(1). We affirm.

DeLangel-Velasco is a citizen of Mexico. In 2003, he was convicted in North Carolina on two counts of felony breaking and entering motor vehicles. In 2005, DeLangel-Velasco was convicted in North Carolina for felony abduction of children. He was deported to Mexico on December 10, 2008. On February 4, 2010, DeLangel-Velasco was arrested in Thomasville, North Carolina and law enforcement authorities determined that he had re-entered the United States without obtaining appropriate consent.

DeLangel-Velasco pled guilty in the United States District Court for the Middle District of North Carolina to an indictment under 8 U.S.C. §§ 1326(a) and (b)(1) for unlawfully returning to the United States after being deported. The district court sentenced DeLangel-Velasco to twenty-four months' imprisonment, a three-year term of supervised release, and a special assessment of one hundred dollars.

At sentencing, the district court found that DeLangel-Velasco's prior conviction for abduction of children qualified as an aggravated felony which justified an eight-level

3

enhancement to his base offense level.  Under this analysis, the Guidelines range was twenty-four to thirty months.  The district court further found that, even if the eight-level enhancement did not apply, DeLangel-Velasco was subject to a four-level enhancement because he was convicted of a prior felony.  Under this alternative analysis, the Guidelines range was fifteen to twenty-one months.  In determining that the twenty-four month sentence was appropriate, the district court noted the seriousness of the offense, the need to promote respect for the law, and the need for adequate deterrence.

On appeal DeLangel-Velasco argues that the district court erred in imposing an eight-level enhancement to his base offense level based on the determination that his prior conviction for abduction of children qualified as an aggravated felony under the United States Sentencing Guidelines.  DeLangel-Velasco further argues that the district court's alternative basis for imposing the twenty-four month sentence was unreasonably high because the sentence represented an upward variance which was greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a).

We review a sentence imposed by a district court for reasonableness under an abuse-of-discretion standard.  See Gall v. United States, 552 U.S. 38, 46, 51 (2007).  Initially, the court determines whether there is any "significant procedural

4

error" in the sentence, including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range." Id.; see also United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). The court must then "consider the substantive reasonableness of the sentence imposed," considering "the totality of the circumstances, including the extent of any variance from the Guidelines range." Id. If the sentence imposed by the district court varies beyond the Guidelines range, the court must provide justification to support the variance. See United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008), cert. denied, 555 U.S. 977 (2008).

In this case, DeLangel-Velasco does not dispute the district court's application of the four-level enhancement, but argues that the district court imposed a three-month variance which was unreasonable. The court notes that the three-month variance is not significantly higher than the higher limits of the sentencing range. In applying an upward variance, the district court noted DeLangel-Velasco's disregard for a prior order of deportation, his substantial criminal history while in the United States, and the consequential need to provide

5

adequate deterrence and respect for the law. Based on a review of the record, we find no abuse of discretion in the upward variance sentence imposed by the district court and find that the sentence was reasonable under the circumstances. We therefore affirm DeLangel-Velasco's sentence.

Because we find DeLangel-Velasco's sentence to be procedurally and substantively reasonable under the district court's analysis of the four-level enhancement for a prior felony conviction, we need not address the district court's classification of DeLangel-Velasco's prior conviction for abduction of children. We dispense with oral argument because the facts and legal contentions were adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED